**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>57 Concrete LLC,[1]<br><br>      Debtor.<br><br>Tax I.D. No. 84-2770886 | Case No. 25-90818 (CML)<br><br>Chapter 11 |
| In re:<br><br>57 RGV Machinery LLC,<br><br>      Debtor.<br><br>Tax I.D. No.33-5067906 | Case No. 26-90425<br><br>Chapter 11 |
| In re:<br><br>57 Logistics LLC,<br><br>      Debtor.<br><br>Tax I.D. No.85-4224104 | Case No. 26-90426<br><br>Chapter 11 |
| In re:<br><br>57 Fuels LLC<br><br>      Debtor.<br><br>Tax I.D. No.33-2125550 | Case No. 26-90427<br><br>Chapter 11 |

**EMERGENCY MOTION FOR ENTRY OF AN**
**ORDER DIRECTING JOINT ADMINISTRATION OF**
**CHAPTER 11 CASES AND GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 57 Concrete LLC (0886), 57 Fuels LLC (5550), 57 Logistics LLC (4104), and 57 RGV Machinery LLC (7906). The Debtors' service address is 4877 Western Road, Mission, Texas 78574.

EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN MARCH 27, 2026.

IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED..

57 Concrete LLC ("57 Concrete"), 57 RGV Machinery LLC ("RGV Machinery"), 57 Fuels LLC ("Fuels") and 57 Logistics LLC ("Logistics" and together with 57 Concrete, RGV Machinery and Fuels, the "Debtors"), each a debtor and debtor in possession in the above-captioned chapter 11 cases, respectfully file this Emergency Motion for Entry of an Order Directing Joint Administration of Chapter 11 Cases and Granting Related Relief (the "Motion") and respectfully state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code"), rules 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1015-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

## BACKGROUND

4.      On March 26, 2026 (the "Petition Date"), each 57 RGV Machinery, Fuels and Logistics filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

5.       The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in these chapter 11 cases.

6.       These cases are closely related to the chapter 11 case of 57 Concrete, LLC ("57 Concrete"), Case No. 25-90818, currently pending before this Court (the "57 Concrete Case"). The Debtors are operationally and financially intertwined with 57 Concrete, and the commencement of these cases is intended to preserve enterprise value, stabilize operations, and facilitate a coordinated restructuring across the affiliated entities.

### A.  Corporate Structure and Intercompany Relationships

7.       RGV Machinery is an equipment holding and leasing company that owns a substantial portfolio of heavy equipment, including trucks, batch plants, and related assets used in the production and delivery of ready-mix concrete. RGV Machinery's primary, and effectively sole, customer is 57 Concrete. RGV Machinery generates revenue through equipment usage arrangements tied to the operational volume of 57 Concrete's business.

8.       Fuels and Logistics are affiliated entities that support the broader operations of 57 Concrete and RGV Machinery. Fuels is involved in fuel-related operations and asset ownership, and Logistics holds and operates certain transportation and related assets. While smaller in scope than RGV Machinery, these entities are part of an integrated operating structure supporting the Debtors' concrete production and delivery business.

9.       The Debtors share common ownership and management. RGV Machinery is wholly owned by 57 RGV, LLC, which is, in turn, wholly owned by 57 X Group, LLC ("57 X"),

2

a manager-managed limited liability company. Pedro A. Cepeda serves as the sole manager of 57 X and, through that structure, exercises ultimate managerial control over RGV Machinery.

10.     57 Concrete is owned and managed by Eliud R. Cavazos ("Mr. Cavazos") and Jesus Cepeda.  Mr. Cavazos holds a two-thirds (2/3) membership interest, and Jesus Cepeda holds the remaining one-third (1/3) membership interest.  Pedro Cepeda previously held a one-third (1/3) membership interest in 57 Concrete, which was subsequently transferred to Mr. Cavazos.

11.     The Debtors operate in close coordination, and their businesses are functionally interdependent.

12.     The Debtors' financial affairs are similarly interconnected. Intercompany transactions between the Debtors and 57 Concrete are frequent and ongoing, including equipment usage payments and other operational charges. As of the commencement of these cases, RGV Machinery is owed a significant accounts receivable balance from 57 Concrete arising from prepetition operations.

### B.  Capital Structure and Secured Debt

13.     The Debtors' capital structures are dominated by secured equipment financing. In particular, RGV Machinery's equipment portfolio is largely financed by Commercial Credit Group, Inc. ("CCG") and certain other lenders, which hold security interests in substantially all of RGV Machinery's equipment assets.   The CCG debt is also guaranteed by Pedro Cepeda, Mr. Cavazos and Jesus Cepeda.

14.     Fuels and Logistics also maintain equipment financing arrangements secured by their respective assets, although those portfolios are smaller in scope. Certain of these obligations are supported by guarantees across affiliated entities, including guarantees by 57 Concrete and, in some cases, by principals.

3

15. As a result of these intercompany guarantees and overlapping collateral structures, the Debtors' obligations are closely tied to the financial condition and operations of 57 Concrete.

### C. Events Leading to the Commencement of These Cases

16. The Debtors' financial challenges arise directly from the filing of the 57 Concrete Case and the resulting disruption to intercompany cash flows. As of the 57 Concrete petition date, RGV Machinery was owed in excess of $400,000 in accounts receivable from 57 Concrete. This amount is billed through 57 Concrete X, LLC.  Because that receivable is now subject to the bankruptcy process, RGV Machinery has experienced a significant near-term liquidity constraint.

17. Although the Debtors' businesses remain operationally viable, this temporary disruption in cash flow has impaired their ability to service secured debt obligations, resulting in a notice of default from CCG.

18. At the same time, the Debtors' underlying business remains fundamentally sound. The equipment owned by RGV Machinery is actively used in ongoing operations, and current utilization levels are sufficient to support ongoing debt service on a go-forward basis. The Debtors expect that, with appropriate restructuring of near-term obligations, their businesses can continue to operate profitably.

19. In addition, the Debtors are evaluating the disposition of certain non-core assets, particularly within Fuels and Logistics, where certain equipment is not essential to ongoing operations. The Debtors anticipate that proceeds from such dispositions will be applied toward valid secured obligations.

20. The Debtors commenced these chapter 11 cases to obtain the breathing room necessary to stabilize operations, address near-term liquidity constraints, restructure secured obligations, and pursue a coordinated reorganization strategy alongside the 57 Concrete Case.

**D. Basis For Joint Administration**

21.     The Debtors' cases are appropriate for joint administration because they involve affiliated entities with overlapping ownership, common management, and highly integrated operations. The Debtors' financial affairs are intertwined, including intercompany receivables, shared business functions, and cross-guaranteed obligations.

22.     Joint administration will promote administrative efficiency and reduce costs by avoiding duplicative filings, hearings, and professional expenses. It will also facilitate a coordinated restructuring process that reflects the economic reality of the Debtors' integrated business operations.

23.     Accordingly, joint administration of these chapter 11 cases is warranted and in the best interests of the Debtors' estates and their creditors.

## RELIEF REQUESTED

24.     The Debtors seek entry of an order, substantially in the form attached hereto, (a) directing the joint administration, for procedural purposes only, of these chapter 11 cases and (b) granting related relief. The Debtors request that one file and one docket be maintained for all jointly administered cases under the lead case of 57 Concrete LLC, Case No. 25-90818 (CML), and that the cases be administered under the following consolidated caption:

5

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| 57 Concrete LLC, *et al.*[1] | Case No. 25-90818 (CML) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: 57 Concrete LLC (0886), 57 Fuels LLC (5550), 57 Logistics LLC (4104), and 57 RGV Machinery LLC (7906). The Debtors' service address is 4877 Western Road, Mission, Texas 78574.

25.    The Debtors request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

26.    The Debtors request that a docket entry substantially similar to the following be entered on the docket of each of the non-lead cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Bankruptcy Local Rule 1015-1 directing joint administration, for procedural purposes only, of the chapter 11 cases of: 57 Concrete LLC, Case No. 25-90818 (CML); 57 Fuels LLC, Case No. 26-90427 (CML); 57 Logistics LLC, Case No. 26-90426 (CML); and 57 RGV Machinery LLC, Case No. 26-90425 (CML). The docket in Case No. 25-90818 (CML) shall be consulted for all matters affecting these cases.

**BASIS FOR RELIEF**

27.    Rule 1015(b) of the Bankruptcy Rules provides that, if two or more petitions are pending in the same court by or against a debtor and its affiliates, the court may order joint administration of the estates. The Debtors are affiliates within the meaning of section 101(2) of the Bankruptcy Code. Rule 1015(b), together with Local Rule 1015-1, authorizes the relief requested herein.

28.    Joint administration of these chapter 11 cases will promote administrative efficiency without affecting the substantive rights of any party in interest. Because many motions,

6

hearings, and orders in these cases will concern multiple Debtors, joint administration will reduce duplicative filings, reduce costs, and permit the Court, the Office of the United States Trustee, creditors, and other parties in interest to monitor these cases more efficiently.

29.     Joint administration is particularly appropriate here because the Debtors' operations, management, and financial affairs are deeply integrated. The Debtors rely on shared infrastructure, intercompany transactions, and coordinated business functions, and their secured debt structures include overlapping collateral and guarantees.  Joint administration will allow these chapter 11 cases to proceed in a coordinated and efficient manner consistent with the economic reality of the Debtors' enterprise.

30.     The requested relief is purely procedural and does not seek substantive consolidation of any Debtor's estate.  Joint administration will benefit the estates and parties in interest by reducing administrative expense, avoiding duplicative filings, and minimizing confusion.

**EMERGENCY CONSIDERATION**

31.     Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request expedited consideration of this Motion. The Debtor's anticipate there further pleadings will need to be filed in on the docket in the Debtor's cases promptly.   To ensure efficient administration of the Debtor's cases, the Debtors seek entry of the order no later than March 27, 2026.

32.     The Debtors and their affiliated entities operate as an integrated business with overlapping operations, management, financial reporting, and creditor constituencies. Absent joint administration, the Debtors will be required to maintain separate dockets, duplicative pleadings, and parallel noticing processes, which will impose unnecessary administrative costs, create inefficiencies, and increase the risk of confusion among creditors and parties in interest.

7

33.     Immediate entry of an order directing joint administration will streamline case administration by permitting the use of a single docket, consolidated service lists, and coordinated filings. This will reduce administrative expense, minimize the risk of inconsistent filings, and enhance transparency for creditors and the Court.

34.     Delaying consideration of this Motion will result in the continued filing of duplicative pleadings and notices across multiple case dockets, thereby increasing costs to the estates and burdening the Court and parties in interest with unnecessary complexity. These inefficiencies compound with each filing and are best addressed at the earliest practicable stage of the jointly administered cases.

35.     Accordingly, the Debtors respectfully submit that cause exists for expedited consideration of this Motion under Bankruptcy Local Rule 9013-1(i), and that granting the relief requested herein on an expedited basis will promote judicial economy, reduce administrative costs, and facilitate the efficient administration of these chapter 11 cases.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and other such relief as the Court deems appropriate.

Dated: March 26, 2026

**PARKINS & RUBIO LLP**

*/s/ Charles M. Rubio*
Lenard M. Parkins
TX Bar No. 15518200
Charles M. Rubio
TX Bar No. 24083768
Jacob T. Towles
TX No. 24125065
Roman A. Porsche
TX Bar No. 24130686
708 Main St., Fl 10
Houston, TX 77002
Email: lparkins@parkinsrubio.com
crubio@parkinsrubio.com
jtowles@parkinsrubio.com
rporsche@parkinsrubio.com
Phone: 713-715-1666

***Counsel to 57 Concrete LLC and Proposed Counsel to 57 RGV Machinery LLC, 57 Fuels LLC and 57 Logistics LLC***

**CERTIFICATE OF ACCURACY**

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

*/s/ Charles M. Rubio*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date hereof, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.  Additionally, the foregoing document will be served as set forth in a forthcoming certificate filed by the Debtor.

*/s/ Charles M. Rubio*
Charles M. Rubio

10